# HUNTER

### *v.*

## PHŒNIX MUTUAL LIFE INSURANCE COMPANY.

---

### APPEAL, DISMISSAL OF.

A motion to vacate an order dismissing an appeal *denied,* it appearing that what purported to be the transcript of the record on appeal filed by the appellants consisted of an amended bill, which was unintelligible in the absence of the original bill; a copy of the decree passed by the lower court; a notice of appeal, citation and bond, and an order to the clerk of that court directing him to embody in his transcript only the amended bill and decree; and it also appearing that appellants had failed to comply with an order previously made by this court giving them ten days within which to file a proper transcript.

No. 763. Submitted March 1, 1898. Decided March 8, 1898.

HEARING on a motion by the appellants to vacate an order dismissing an appeal. *Denied.*

Mr. *Robert F. Hunter* for the motion.

Mr. *Wm. F. Mattingly* opposed.

Mr. Justice SHEPARD delivered the opinion of the Court:

This is a motion on behalf of the appellants to vacate an order dismissing their appeal.

They were defendants in a proceeding in equity in the Supreme Court of the District of Columbia, and took an

appeal from a decree rendered therein December 2, 1897. On January 18, 1898, they filed in this court what purported to be a transcript of the record. February 1, 1898, the appellee filed a motion to dismiss the appeal, because no transcript of the record had been filed.

Upon examination of the record, it was found to contain: 1st. An amended bill, which purports to amend the original bill by inserting certain sentences in different paragraphs thereof, and which is unintelligible in the absence of that original. 2d. A copy of the decree, which is to the effect, that unless the defendants shall, before January 3, 1898, pay the sum of $13,500, with interest and costs, the trustee named in the decree shall proceed to sell lot 13, of Albert Grant's subdivision of square numbered 760 in the city of Washington. 3d. The notice of appeal, citation and bond. 4th. An order to the clerk of the Supreme Court directing him to embody in his transcript only the amended bill and decree aforesaid, and which was signed by Robt. F. Hunter, as solicitor for Virginia Hunter and for himself, as defendants in said cause.

The said Robert F. Hunter as counsel filed exceptions in opposition to the motion, and appeared on the hearing thereof.

For this plain and deliberate violation of the rules regulating appeals, in respect of filing a transcript of the record and proceedings of the trial court, the motion to dismiss might well have been sustained at once. Instead, however, of an order of absolute dismissal, the appellants were, on February 8, 1898, given ten days within which to file the necessary transcript.

Instead of complying with this order, the appellants, by the same counsel, filed herein, on February 17, a paper entitled "Memorial, Exceptions and Assignment of Errors." This paper is substantially an argument in support of the sufficiency of the transcript as filed.

On February 24, more than ten days having elapsed with-

out a compliance with the order, the appeal was dismissed.

The present motion to set aside this order offers no excuse for the failure to comply therewith. The sole foundation of the motion is the continued assertion of the right to be heard upon the record as presented in the transcript to which objection was taken.

Counsel, who represented himself and his wife, the appellant, was informed at the hearing of the first motion of the reasons why the cause could not be heard on the transcript as presented. The amount of the decree is large, and the appeal had the appearance of having been taken in good faith. For these reasons, the court informed counsel of the defects of his record and gave him the necessary time to perfect it and secure a consideration of the merits that might be made to appear therein. He has not seen proper to avail himself of the opportunity given, and if any injustice was done him in the decree from which he appealed, it is his own fault that it cannot be reviewed.

The motion to vacate the order of dismissal must be *overruled.*